Andrew M. Kohlmetz, OSB #955418
The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
Tel: (503) 265-8307
Email: andy@portlandfederaldefense.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JENNIFER BELTRAN ARREDONDO,

Defendant.

Case No. 3:25-CR-00503-SI

DEFENDANT'S SENTENCING MEMORANDUM

Sentencing: November 2, 2026 at 2:30 P.M.

## I. BACKGROUND

On January 9, 2026, pursuant to a plea agreement with the government, Ms. Beltran Arredondo pleaded guilty to count one of the Information herein: Possession with intent to distribute fentanyl. She is now before this Court for sentencing. A Presentence Report ("PSR") has been prepared and submitted to the Court and parties. Ms. Beltran Arredondo has reviewed the final PSR with counsel. Ms. Beltran Arredondo appears before the Court out of custody having been released on conditions on October 22, 2021.

## II. THE PSR AND SENTENCING GUIDELINES CALCULATIONS

There are no objections to the PSR. Pursuant to Guideline § 2D1.1(c)(4), Ms. Beltran Arredondo's base Offense level is 32. (PSR at ¶26) Because she meets the so-called "Safety

Valve" criteria, a two-level reduction is applied. (PSR at ¶27) There is a three-level downward adjustment for acceptance of responsibility pursuant to Guideline § 3E1.1 (PSR at ¶¶ 33-34) Because she has no prior criminal convictions she qualifies for another two level-reduction in her offense level as a "zero point offender" under Guideline § 4C1.1Ms. Beltran Arredondo's adjusted total offense level is therefore 25. (PSR at ¶ 35). At criminal history category I, Ms. Betran Arredondo's advisory Sentencing Guidelines Range is 57-71 months of imprisonment.

Pursuant to her Plea Agreement, the parties have negotiated additional departures and variances totaling eight additional levels off. After these are considered, Ms. Beltran-Arredondo's equivalent offence level is 17. At criminal history category I, the advisory Sentencing Guidelines range is 24-30 months.

## III. The Parties Sentencing Recommendations

Pursuant to the plea agreement, and assuming the guidelines calculations therein are correct, it is anticipated that the government will recommend no more than 24 months of imprisonment. Under the agreement the defense is free to request any lawful sentence. Both parties recommend a supervised release term of 4 years.

By and for the reasons argued herein, within the PSR and attachments thereto, and any that may become apparent during the sentencing proceeding, Ms. Beltran Arredondo asks the Court to impose a sentence of time served to be followed by a four-year period of supervised release.

///


The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
(503) 265-8307
andy@portlandfederaldefense.com

## IV. ARGUMENTS IN SUPPORT OF A REDUCED SENTENCE[1]

### A. THE DRUG QUANTITY-BASED SENTENCING GUIDELINES' BASE OFFENSE LEVEL SHOULD BE DISREGARDED IN THIS CASE.

Most individual sentencing guidelines are the evolving product of an original, considered and empirical examination of sentences handed down by District Courts prior to the promulgation of the federal sentencing guidelines. See *Rita v. United States*, 551 U.S. 338, 349, 127 S. Ct. 2456, 2464, 168 L. Ed. 2d 203 (2007). This is not true of the drug quantity guidelines at U.S.S.G. § 2D1.1, which were keyed to statutory mandatory minimum sentences that Congress established for such crimes. *See Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594, 169 L. Ed. 2d 445, note 2. (2007).

Because they are not tied to empirical evidence they carry less "presumptive validity" or weight than their more empirically derived counterparts, sentencing courts should consider their application in an individual case with care. *See Kimbrough v. United States*, 552 U.S. 85, 1, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007). A sentencing court is free to deviate from the drug-quantity base offense-level for this reason or based simply upon its own disagreement with the policy decisions underlying the guidelines. *See Peugh v. United States*, 133 S.Ct. 2072, 2089 (2013) (Thomas J., dissenting) *See also*, *Spears v. United States*, 129 S.Ct. 840, 843(2009) Of course, since *Booker*, the court is free to depart from the guidelines under any circumstances if after

[1] The Court is referred to the Presentence Report and attachments thereto for information related to the nature and circumstances of Ms. Beltran Arredondo's offense and her personal history and characteristics.


The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
(503) 265-8307
andy@portlandfederaldefense.com

making an individualized determination it considers the advisory sentencing guidelines range too harsh. *Id.*

Based on the weight of the pills seized from Ms. Beltran Arredondo upon her arrest on October 14, 2021, her base offense level is 32. At the time of her arrest Ms. Beltran Arredondo was working directly under the, albeit remote, supervision and direction of a separately indicted co-conspirator. This co-conspirator "boss" was originally based in the Portland area but removed to another state some months before Ms. Arredondo's arrest. Before leaving Portland, Ms. Beltran Arredondo's boss introduced her to some of his Portland clientele. These sub-distributors were told they would still contact him to arrange for the purchase of narcotics, but that it would be Ms. Beltran Arredondo who would deliver their orders and collect payment for him. Ms. Beltran Arredondo communicated with her boss primarily over Whatsapp. He would instruct her on what to deliver to whom, when and for how much for every transaction. He would direct her to different locations and different couriers to re-supply and deliver proceeds for delivery back to him or his sources of supply. Ms. Beltran Arredondo had no independent client base. She had no independent sources of narcotics. She did not negotiate sales or set prices. Everything she did was done at the direct and specific instruction of her boss. For all intents and purposes she was micromanaged. She was only involved in this activity for approximately 3 ½ months before her arrest.

Ms. Beltran-Arredondo's boss was the leader of a multi-state drug trafficking organization which sourced a staggering amount of narcotics in Mexico and California for distribution in Oregon and Southwest Washington. This individual was also responsible for laundering millions of dollars in drug proceeds, purchasing numerous real properties and luxury


The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
(503) 265-8307
andy@portlandfederaldefense.com

automobiles, as well as funneling additional millions of proceeds through a sham business. He was arrested in 2022 and has since pleaded guilty and been sentenced. His base offense level? It was 36. Only four levels higher than Ms. Beltran Arredondo's. This four-level separation in base offense level does not accurately reflect the difference in the nature and scope of the culpability of these two individuals. This Court should vary downward as appropriate to account for this inequity.

### B. Ms. Beltran Arredondo's Remarkable Performance on Pretrial Supervision.

Ms. Beltran Arredondo was released to pretrial supervision on October 22, 2021. In the five years since she has not had a single violation. She has also made positive, important strides forward in her life. While on supervision she completed over 600 hours of schooling and training at Vega's Academy School of Beauty in Vancouver, Washington. She then took and passed her state board licensing exams and is now a licensed nail technician. She started her own company, Jen Beauty LLC out of her home in 2024. She currently rents space in a salon in Camas Washington and has been working towards running her own salon. In 2025 she married her long-time partner. Her husband owns his own small business and works as an installer on the side. While on pretrial supervision Ms. Beltran Arredondo and her husband have been the primary source of income for the family. They reside with her mother, her two youngest siblings as well as the daughter of her older brother who was arrested in October of 2022 and is now serving a lengthy federal prison sentence. Ms. Beltran Arredondo's extended period on supervision without issue, combined with the positive forward steps she has made, demonstrates her sincere and sustained post-offense rehabilitation. It also demonstrates that she is not at significant risk to


The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
(503) 265-8307
andy@portlandfederaldefense.com

re-offend. The Court should vary downward in her sentence in recognition of these achievements.

## V. CONCLUSION

For all of the reasons presented herein, in other pleadings and any that may become apparent during the sentencing hearing, a sentence of time served to be followed by four years of supervised release is appropriate in this case. Special conditions of her supervised release should be imposed requiring her to remain in and successfully complete all available treatment and services offered her through her current residential recovery program.

RESPECTFULLY SUBMITTED this 26th day of October, 2026

Andrew Kohlmetz

Andrew M. Kohlmetz, OSB 955418
Attorney for Defendant Beltran Arredondo


The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
(503) 265-8307
andy@portlandfederaldefense.com